In re Floyd Lee SCHROCK, SS # 525–96–5542, and Jackie Lynn Schrock, SS # 585–84–5699, fka Jackie Lynn Jones, Debtors.

Robert L. FINCH, trustee, Plaintiff,

v.

John SCHROCK, Floyd Schrock, and Nena M. Anderson, as personal representatives of the Estate of Levi Schrock and Dorothy M. Schrock, Defendants.

Bankruptcy No. 7–89–00710 M F.

Adv. No. 89–0321 M.

United States Bankruptcy Court, D. New Mexico.

Oct. 4, 1990.

Robert L. Finch, Jr., Farmington, N.M., for plaintiff.

James B. Payne, Farmington, N.M., for defendants.

David Brainerd, Farmington, N.M., for defendant F. Schrock.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on cross motions for summary judgment. Robert L. Finch, the trustee, seeks a determination that the proceeds of life insurance policies which the defendant Floyd Schrock is to receive as an heir of his deceased parents' estate are not exempt. The debtor seeks a determination that such proceeds are exempt under New Mexico state law. Having considered the applicable statute, the briefs submitted by the parties, and being otherwise fully informed, the Court denies the trustee's motion for summary judgment and grants the defendant Floyd Schrock's motion.

### FACTS

The facts are not in dispute. The defendant Floyd Schrock ("debtor") filed a chapter 7 petition for bankruptcy on March 16, 1989. On September 2, 1989, his parents died in a car accident. The three children of the Schrocks were appointed co-personal representatives of their parents' probate estate. At the time of their death, the parents had in effect life and accident insurance policies. Some of these policies designated the debtor as a named beneficiary or named co-beneficiary. Other policies were payable to the parents' probate estate or paid to defendants as co-personal representatives of the probate estate. The debtor is to inherit a one-third interest in the insurance proceeds received by his parents' probate estate.

The trustee has brought this adversary action pursuant to 11 U.S.C. § 541(a)(5) of the Bankruptcy Code. He seeks a turnover of the insurance proceeds. The debtor subsequently amended schedule B–4 of his bankruptcy petition claiming that all the insurance proceeds are exempt under N.M. S.A.1978 § 42–10–3.

### DISCUSSION

There is no issue as to the exempt nature of the insurance proceeds acquired by the debtor as a named beneficiary on the insurance policies. Plaintiff admits that these

proceeds are exempt under New Mexico state exemption statutes. At issue is the interpretation of N.M.S.A.1978 § 42–10–3. Plaintiff contends that the debtor cannot exempt the insurance proceeds he is to receive as an heir of his parents' probate estate because the debtor is not a named beneficiary on the policies. The debtor contends that regardless of how he is to receive the insurance proceeds, the statute is clear: insurance policy proceeds are exempt.

The statute to be interpreted provides as follows:

> The cash surrender value of any life insurance policy, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company, all weekly, monthly, quarterly, semi-annual or annual annuities, indemnities or *payments of every kind* from any life, accident or health insurance policy, annuity contract or deposit heretofore or hereafter issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen, *upon whatever form* and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or *who receives or is to receive the benefit thereof,* nor shall it be subject in any other manner to the debts of the person whose life is so insured or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.

N.M.S.A.1978 § 42–10–3 (emphasis added). The language of the statute is broad and expansive. It does not limit the type of payment, form of payment, or person to receive the payment. Plaintiff would have this Court interpret the statute so that only named beneficiaries could claim the exemption. This the Court will not do. The statute will be given its plain meaning. If the legislature had intended to limit the language of the statute, it would have done so. *State ex rel. Maloney v. Sierra,* 82 N.M. 125, 477 P.2d 301 (1970).

Therefore, plaintiff's motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted. The debtor will be allowed an exemption as to the insurance proceeds.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.