### In re Robert C. MEACHEN, Debtor.

### Bankruptcy No. 97–18638 RJB.

United States Bankruptcy Court, D. Colorado.

Feb. 23, 1998.

Douglas E. Larson, Poster, Larson, Laiche & Griff, Grand Junction, CO, for Trustee.

Donald B. Huntzinger, Grand Junction, CO, for Debtor.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Trustee's Objection to Exemptions filed September 25, 1997, and the Debtor's Response thereto filed October 20, 1997. Because the Debtor had admitted to the facts as set forth in the Trustee's Objection, and because the parties are located some distance from the Denver metro area, the Court agreed to consider the matter upon the written briefs of the parties in lieu of a hearing. Those brief are now before the Court.

This case was filed June 16, 1997, as a Chapter 7 case. At the time of filing the Debtor resided at 387 Ridgeview Drive, Unit C, Grand Junction, Colorado. In his original Schedules C the Debtor claimed an exemption for a security deposit for the rental of his apartment pursuant to C.R.S. § 13–54–102(1)(r).

Less than one month later, on July 4, 1997, the Debtor's mother died. The Debtor is an heir under her will and is entitled to one-third of her net estate. That probate estate includes personal property and a house located at 199 Victoria Lawn, Stratford, Connecticut. The house is valued at approximately $153,000.

On July 18, 1997, the Debtor appeared at his meeting of creditors convened pursuant to 11 U.S.C. § 341 in Grand Junction, Colorado. At that time he stated that his address was the address listed on his petition in Grand Junction, Colorado. At this meeting, the Trustee, upon learning of the death of the Debtor's mother, asserted that the Debtor's share of the probate estate was property of the Debtor's bankruptcy estate.

Thereafter, on September 22, 1997, the Debtor filed amended schedules and a Notice of Change of Address. His address was listed as the address of his mother's house in Connecticut. His amended Schedule B—Personal Property, listed under ¶ 19 his interest in his mother's probate estate the following:

1/3 interest in real estate at 199 Victoria Lawn, Stratford, CT 06497, $51,000. 1/3 interest in cash, automobile and household items, $29,000. Amounts are approximations.

His amended Schedule C—Property Claimed as Exempt, listed the following:

Real property as described in Amended Schedule B.[1]

He claimed that he was entitled to a $75,000 exemption pursuant to "Connecticut General Statute 52–352(a) and (b)." The Connecticut homestead exemption statute reads as follows:

**Connecticut General Statute § 52–352a. Definitions for property provisions.** For purposes of this section and sections 52–352b and 52–353, the following terms shall have the following meanings: ...

(d) **"Exemptioner"** means the natural person entitled to an exemption under this section or section 52–352b.

(e) **"Homestead"** means owner-occupied real property or mobile manufactured home as defined in subdivision (1) of sections 21–64, used as a primary residence.

---

1. The Debtor continued, however, to assert **Colo**rado exemptions for his personal property.

§ 52–352b. **Exempt property.** The following property of any natural person shall be exempt: ...

(t) The homestead of the exemptioner to the value of seventy-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it; ...

In contrast, the Colorado homestead statute, C.R.S. § 38–41–201, provides as follows:

**Homestead exemption.** Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any lien or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

Pursuant to 11 U.S.C. § 541(a)(5)(A) the property the debtor became entitled to upon the death of his mother became property of the estate. The question is whether the Debtor can successfully claim a homestead exemption for this property acquired postpetition, and, if so, which states' homestead exemption would apply.

The law in both Colorado and Connecticut is that exemption rights are to be determined as of the time of the filing of the bankruptcy petition. *In re Marcus*, 1 F.3d 1050 (10th Cir.1993); *Gernat v. Belford*, 192 B.R. 601 (D.Conn.1996), *aff'd* 98 F.3d 729 (2nd Cir.1996). However, there is no doubt that the Debtor can claim an exemption for "after-acquired" property if the criteria for the exemption is met. *In the Matter of Howard*, 6 B.R. 220 (Bankr.S.D.Ohio 1980); *In re Schrock*, 119 B.R. 808 (Bankr.N.M. 1990); and Rule 1007(h), Fed.R.Bank.P. Thus, if property comes into the bankruptcy estate via § 541(a)(5)(A), the debtor would be able to claim all exemptions available to him as if the property was his as of the date of filing his bankruptcy petition.

However, the Debtor here cannot meet the criteria for a valid homestead exemption in either Colorado or Connecticut.

First, both states require that the real property be "owned" by the debtor. Here the Debtor does not own this real property. What he received upon the death of this mother was an undivided 1/3 interest in her probate estate which happens to include a piece of real property. And that is the property that became property of the bankruptcy estate. It may well have been that had he not filed for bankruptcy, the Debtor would have eventually become an owner of the specific real property. But at the time his rights in the probate estate became property of the bankruptcy estate, he was not an owner of the real property.

Secondly, neither on the date of the filing of his bankruptcy, nor on the date he became entitled to his share of the probate estate, did the Debtor occupy the real property as his primary residence or home. It is, therefore,

ORDERED that the within Objection to Exemptions filed by the Trustee is sustained and the exemption claimed by the Debtor to the real property known as 199 Victoria Lawn, Stratford, Connecticut, is denied.