**In re Gracia THOMPKINS and Ernize Thompkins, Debtors.**

No. 99–26131whb.

United States Bankruptcy Court, W.D. Tennessee.

June 13, 2001.

Lynda F. Teems, Memphis, TN, for Debtors.

Barbara R. Loevy, Memphis, TN, Chapter 7 Trustee and Attorney for Trustee.

## MEMORANDUM OPINION AND ORDER ON DEBTORS' MOTION TO DISBURSE EXEMPT FUNDS

WILLIAM H. BROWN, Bankruptcy Judge.

The Debtors have filed a motion to require the Chapter 7 trustee to disburse to them, as exempt, proceeds from insurance paid as a result of a prebankruptcy automobile accident. The trustee objects, and after a hearing the Court took this contested matter under advisement. This is a core proceeding concerning "exemptions from property of the estate." 28 U.S.C. § 157(b)(2)(B).

The precise issue is one of law under Tennessee's exemption statutes and it is apparently unique, one that likely does not arise in the administration of many Chapter 7 cases. Tennessee exemption law controls, since this state opted out of the federal bankruptcy exemptions. TENN. CODE ANN. § 26–2–112. The issue is whether Tennessee residents may claim exemption in uninsured motorist benefits, under TENN. CODE ANN. § 26–2–110, that are paid as a result of a personal injury, even though those benefits exceed the separate $7,500 maximum for personal bodily injury exemption provided for by TENN. CODE ANN. § 26–2–111(2)(B) and the $15,000 cap of § 26–2–111(2).

The facts are not in dispute, with the pertinent facts being, as follows: The Debtors filed their joint Chapter 7 case on May 24, 1999. They had been involved in an automobile accident prior to their bankruptcy filing, and they were represented by an attorney who had filed a personal injury suit on their behalf. The defen-

dants in that suit included an uninsured driver, so the Debtors' own insurance company had liability exposure under its uninsured motorist coverage. The Debtors have amended their Schedule C of exemptions to claim the proceeds from their personal injury suit in different ways: They have each claimed $7,500, the typical maximum for personal bodily injury payments under TENN. CODE ANN. § 26–2–111(2)(B); and they have claimed "unknown" and "unliquidated" amounts for "insurance proceeds" under TENN. CODE ANN. § 26–2–110.

The trustee did not object to the typical $7,500 exemption claim, and each Debtor was paid that amount pursuant to this Court's order dated July 6, 2000. These exempt proceeds were a part of the first phase of a settlement approved by this Court, and the balance of that $20,000 settlement was paid on attorney's fees and expenses. The Debtors' personal injury attorney then effected a second settlement with the Debtors' uninsured motorist carrier, resulting in approval of a $28,000 settlement, with $15,000 of that amount designated to Ernize Thompkins and $13,000 to Gracia Thompkins. After attorney's fees and expenses, $21,779 remains, and it is this sum that the Debtors claim as a further exemption under Tennessee's insurance benefits statute.

## DISCUSSION

TENN. CODE ANN. § 26–2–110(a) provides:

There shall be exempt from the claims of all creditors, and from execution, attachment, or garnishment, any sum or sums of money which may hereafter become due and payable to any person, who is a resident and citizen of this state, from any insurance company or other insurer, under the terms and provisions of any contracts of accident,

health, or disability insurance insuring the assured against loss by reason of accidental personal injuries, or insuring the assured against loss by reason of physical disability resulting from disease.

The trustee's objection is solely based upon her disagreement that this statute permits these Debtors to exempt more than the $7,500 limit of § 26–2–111(2)(B), since the trustee views that amount as a cap on exemption of personal injury proceeds. The latter statute provides:

> In addition to the property exempt under § 26–2–103, the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>
> (2) The debtor's right not to exceed the aggregate fifteen thousand dollars ($15,000) to receive or property that is traceable to:
>
> (B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent. . . .

TENN. CODE ANN. § 26–2–111(2)(B).

The two exemption statutes do not reference each other, which would indicate that they provide independent exemptions. There is, however, some reason to question such a quick conclusion. Section 26–2–111 prefaces the specific exemptions under its subparts (1) through (6) with the initial statement that these exemptions are "[i]n addition to the property exempt under § 26–2–103." Moreover, § 26–2–111(2) contains an aggregate $15,000 cap on funds "traceable to" subpart (B)'s personal bodily injury exemption. Section 26–2–103 is the general personal property exemption of $4,000 allowed each Tennessee resident.

One could, therefore, restrictively read § 26–2–111's reference to § 26–2–103 and its "traceable" language as exclusive additions to the $4,000 personal property exemption, since insurance proceeds would be personal property.

Such a restrictive reading is not logical, however, when the totality of title 26's exemption scheme is examined. There are other personal property exemptions that are separately allowed in that title, although they are not referred to in §§ 26–2–103 or 26–2–111. For example, § 26–2–104 permits additional personal property exemptions in such things as wearing apparel; § 26–2–105 permits exemption of certain pension and retirement funds; § 26–2–106 permits an exemption from garnishment of some wages; and § 26–2–110 permits the exemption of specified insurance benefits. The insurance benefit exemption, therefore, is not the only additional personal property exemption that is omitted from § 26–2–111's initial language. As a result, this Court cannot conclude that the Tennessee legislature intended to actually limit personal property exemptions for Tennessee residents to the $4,000 cap of § 26–2–103 and the additional exemptions found in § 26–2–111. In other words, from a plain reading of the statutes, § 26–2–111 does not preclude a separate exemption by Tennessee residents for insurance benefits.

This conclusion is consistent with a prior decision by this Court, *In re Chaney,* 151 B.R. 147 (Bankr.W.D.Tenn.1993), where the Chapter 7 trustee objected to the Debtors' claimed exemption in personal injury proceeds that exceeded the $7,500 cap. Ms. Chaney's settlement of a pre-bankruptcy automobile accident involved annual proceeds from an annuity contract, which could pay her $1,767 per month for her lifetime. Under TENN. CODE ANN.

§ 26–2–111(2)(B) and (3), the Court allowed exemption of the entire annuity.

■ There is no dispute that the Thompkins are the "assureds" or beneficiaries under their automobile coverage, which provided them uninsured motorist coverage. Is that type of coverage included within the insurance benefits covered by § 26–2–110(a)? To answer that question, the Court has considered whether Tennessee courts would include uninsured motorist insurance within the definition of *accident* insurance. Those courts would determine whether an injury was an accident from the viewpoint of the insured victim rather than from the perspective of the tortfeasor. *See Stepp v. Hill,* No. 02A01–9209–CV–000278, 1993 WL 181984, at *2–3 (Tenn.Ct.App. May 28, 1993) (collecting cases and adopting this as majority view). In other words, the *Stepp* Court adopted the rationale that public policy precluding recovery for one's intentional acts was "'totally irrelevant under the uninsured motorist concept.'" *Id.* (quoting *Keeler v. Farmers & Merchants Ins. Co.,* 724 S.W.2d 307, 309–10 (Mo.Ct.App. 1987)). It is clear, therefore, that in Tennessee, a debtor's uninsured motorist coverage would be considered accident insurance covering the debtor as the assured.

There is, however, an issue of whether the proceeds of these Debtors' uninsured motorist coverage, although accident insurance in nature, should be a permitted exemption, since the proceeds would be "traceable to" the automobile accident that produced their "personal bodily injuries." TENN. CODE ANN. § 26–2–111(2)(B). In *Allen v. Aetna Life & Cas. Co.,* No. 02A01–9201–CH–00007, 1992 WL 252509, at *2 (Tenn.Ct.App. Oct. 6, 1992), that Court found that "the intent and purpose of the Uninsured Motorist Act is to provide protection by making the insurance carrier stand as the insurer of the uninsured mo-torist." It can, therefore, be argued that the proceeds of these Debtors' insurance would be so closely related to their "personal bodily injuries" as to fall within the limits of § 26–2–111(2). The reason this is not so is found in a comparison of the Tennessee statute and the federal exemption found in § 522(d)(11)(D). Except for the amount of the exemption, $16,150 in § 522(d)(11)(D) compared to $7,500 in Tennessee's statute, the awkward wording of the statutes is identical: "A payment, not to exceed [$16,150 or $7,500], on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." Based upon legislative history behind the 1978 Bankruptcy Code, the federal statute has been construed by most courts to permit an exemption only for actual bodily injury and not for any pain and suffering. *See* BROWN, AHERN & MACLEAN, BANKRUPTCY EXEMPTION MANUAL, § 5.12(d) (2001) (pointing out that the legislative history suggests that a pain and suffering exemption is provided for separately in the 1978 Code, but no such specific exemption exists). Although the Thompkins' claimed exemption for the proceeds of their uninsured motorist insurance is traceable to their automobile accident, Tennessee's legislature has provided for a separate insurance benefits exemption that may provide a means for debtors to claim exemption of payments attributable to pain and suffering. Whether that was the legislature's intent is unclear, but the fact remains that a separate exemption exists in the Tennessee Code.

Construing a Texas statute, TEX. INS. CODE ANN. Art. 21.22 § 1 (Vernon Supp. 1991), a bankruptcy court in that state concluded that uninsured motorist coverage was contractual in nature, like life, health or accident insurance specified in that statute, and that such insurance was

included within the term *accident.* *In re Hosek,* 124 B.R. 239 (Bankr.W.D.Tex. 1991). This Court also finds it to be significant that these Debtors' uninsured motorist coverage is contractual; therefore, the payment from the Debtors' insurance company is not merely a payment "on account of [their] personal bodily injury." It is a part of their contractual protection from accidental injury, and as noted above, that contractual protection extends beyond bodily injury. As such, it is not restricted by the $15,000 aggregate cap of § 26–2–111(2) or the $7,500 limit on personal bodily injury payments. The insurance benefits exemption provided specifically by § 26–2–110 is an additional exemption allowed to Tennessee residents who happen to contract for insurance coverage within that statute's definition.

### CONCLUSION

This Court concludes that uninsured motorist coverage, contracted for by Tennessee residents, provides coverage for accidental injury to the beneficiaries of such policies, and that Tennessee authority considers such coverage to be accident insurance. This Court further concludes that the accident insurance exemption allowed to Tennessee residents by TENN. CODE ANN. § 26–2–110 may be in addition to the personal bodily injury exemption allowed by § 26–2–111. As a result, the Chapter 7 trustee's objection to these Debtors' claim of exemption in the proceeds from their uninsured motorist coverage is **DENIED**, and the Debtors' exemption is **ALLOWED**.