2002-NMSC-011

45 P.3d 891

**In re Cecilia PORTAL, Debtor.**

No. 27,059.

Supreme Court of New Mexico.

April 8, 2002.

Philip J. Montoya, Albuquerque, NM, Bankruptcy Trustee.

Donald D. Becker, J.D., P.A., Donald D. Becker, Albuquerque, NM, for Debtor.

## OPINION

BACA, Justice.

{1} We accepted certification in this case from the United States District Court for the District of New Mexico to resolve the question of whether an uninsured motorist policy is an accident policy within the meaning of NMSA 1978, § 42–10–3 (1937) such that proceeds from the uninsured motorist policy are exempt from attachment. This question arises out of a bankruptcy proceeding in which the Bankruptcy Trustee objected to an exemption claimed by Cecilia Portal (Debtor) for the proceeds from an uninsured motorist policy. This Court has jurisdiction under NMSA 1978, § 39–7–4 (1997) and Rule 12–607 NMRA 2002. We conclude that Section 42–10–3 provides an exemption for such proceeds as uninsured motorist insurance qualifies as "accident" insurance and, thus, is within the scope of the statutory language.

## I.

{2} Debtor and Trustee stipulated to the following facts. Debtor was injured in an automobile accident. At that time, Debtor had uninsured motorist coverage in the amount of $25,000. She retained an attorney to pursue her claims against her insurer for past and future medical expenses, past and future lost wages, and pain and suffering. She secured medical treatment for her injuries through letters of protection issued by her attorney to her medical providers. However, Debtor has chosen to defer further medical treatment until this issue is resolved.

{3} Before resolution of her insurance claims, Debtor filed a Chapter 7 bankruptcy petition. In the petition she selected the state exemption scheme, under which she scheduled and claimed an exemption for the anticipated proceeds from her uninsured motorist policy. Debtor claimed the exemption simply as "proceeds" from the policy. Debtor's insurance company disputes her entitlement to the $25,000 policy limit. Because the compensation for each of her claims will be decided in her case against the insurance company, Debtor waived the right in the bankruptcy proceeding to argue the necessity of the exemption based on compensation for specific injuries, such as lost wages or actual bodily injury. Trustee objected to the claimed exemption and reserved the right to seek avoidance of any lien created by the letters of protection. The District Court certified to this Court the question of whether Section 42–10–3 permits Debtor's claimed exemption in her uninsured motorist insurance proceeds.

## II.

{4} Debtor argues that the plain language of Section 42–10–3 permits the exemption of monies derived from an uninsured motorist policy because the policy qualifies as an "accident" policy. Debtor contends that exemption statutes are to be liberally construed and allowing the exemption of proceeds of uninsured motorist insurance conforms with the public policy underlying the uninsured motorist insurance statute. See NMSA 1978, § 66–5–301 (1983); see also Fasulo v. State Farm Mut. Auto. Ins. Co., 108 N.M. 807, 811,

780 P.2d 633, 637 (1989) (discussing the purpose of Section 66–5–301). Trustee counters that an "accident" policy does not include automobile insurance and that liberal interpretation of this exemption statute would give Debtor a "head start" as opposed to the "fresh start" that bankruptcy should provide. Trustee asserts that Debtor's failure to plead specific injuries prohibits the extension of the statute to encompass uninsured motorist insurance proceeds because Debtor has not shown that she needs the exemption to prevent destitution. Finally, Trustee contends that a lack of uniformity in bankruptcy proceedings occurs when exemptions are not supported by the statutory language. We agree with Debtor and conclude that proceeds from uninsured motorist insurance are exempt under Section 42–10–3.

{5} "In interpreting a statute, a court not only looks to the plain meaning of the language employed, but also to the object of the legislation." Dona Ana Sav. & Loan Ass'n, F.A. v. Dofflemeyer, 115 N.M. 590, 592, 855 P.2d 1054, 1056 (1993). "Statutes are to be read in a way that facilitates their operation and the achievement of their goals." Miller v. N.M. Dep't of Transp., 106 N.M. 253, 255, 741 P.2d 1374, 1376 (1987). Thus, "[o]ur interpretation of statutes must be consistent with legislative intent, and our construction must not render a statute's application absurd, unreasonable, or unjust." Dofflemeyer, 115 N.M. at 592–93, 855 P.2d at 1056–57. Section 42–10–3 is an exemption statute. As such, we construe its plain language liberally. Laughlin v. Lumbert, 68 N.M. 351, 354, 362 P.2d 507, 509 (1961). Liberal construction is necessary to promote the " 'humane policy [of preventing] families from becoming destitute as the result of misfortune through common debts which generally are unforeseen.' " Hernandez v. S.I.C. Fin. Co., 79 N.M. 673, 674, 448 P.2d 474, 475 (1968) (quoting Tomson v. Lerner, 37 N.M. 546, 549, 25 P.2d 209, 211 (1933)).

{6} Section 42–10–3 provides:

The cash surrender value of any life insurance policy, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company,

all weekly, monthly, quarterly, semiannual or annual annuities, *indemnities or payments of every kind from any* life, accident or health insurance policy, annuity contract or deposit heretofore or hereafter issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen, upon whatever form and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or who receives or is to receive the benefit thereof, nor shall it be subject in any other manner to the debts of the person whose life is so insured, or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.

Clearly, Section 42–10–3 permits exemptions for certain funds, such as life insurance and annuities. *See Albuquerque Nat'l Bank v. Zouhar (In re Zouhar),* 10 B.R. 154, 157 (Bankr.D.N.M.1981). However, the question presented here is whether an uninsured motorist insurance policy qualifies as an "accident" policy such that it falls within the scope of the statute and permits exemption of benefits paid under the policy to the insured. We conclude that it does.

{7} "The language of [Section 42–10–3] is broad and expansive. It does not limit the type of payment, form of payment, or person to receive the payment." *Finch v. Schrock (In re Schrock),* 119 B.R. 808, 809 (Bankr. D.N.M.1990). Indeed, the language of the statute provides exemption for "payments of every kind from any life, accident or health insurance policy ... issued upon the life of a citizen ... or made by any such insurance company with such citizen, upon whatever form." Section 42–10–3. Trustee argues that to construe the statute to include uninsured motorist insurance as an "accident" policy would be to read into the statute an exemption not found there as the statute only refers to insurance with third-party beneficiaries. We disagree.

{8} "Unless a word or phrase is defined in the statute or rule being construed, its meaning is determined by its context, the rules of grammar and common usage." NMSA 1978, § 12–2A–2 (1997). We are not aware of any statute which defines "accident." In common usage, an accident is "[a]n event that is without apparent cause or unexpected; an unfortunate event, [especially] one causing injury or damage." 1 *New Shorter Oxford English Dictionary* 13 (1993). This Court defined "accident" in *Britt v. Phoenix Indemnity Insurance Co.,* 120 N.M. 813, 816, 907 P.2d 994, 997 (1995), for purposes of uninsured motorist coverage. We concluded that a court "should view the incident [at issue] from the injured party's perspective.... [I]f the event causing the injury is unintended and unexpected from the injured party's viewpoint, the injury is deemed to have occurred as a result of an accident" and would be covered under the injured person's uninsured motorist policy. *Id.* We found this definition to be consistent with the public policy underlying the uninsured motorist statutes of protecting individuals from the hazards of culpable uninsureds. *See id.*

{9} We do not find it a far stretch of logic to conclude that a policy which provides insurance coverage specifically for accidents be deemed an "accident" policy. Nor are we persuaded that this construction of the statute creates an exemption for which the statute does not provide, as argued by Trustee. The plain language of the statute facially provides an exemption for the debtor who is the beneficiary of proceeds from an accident policy; uninsured motorist policy proceeds are the contractual benefits for which the insured has paid in the event of an accident with an uninsured driver.

{10} Bankruptcy courts in both Texas and Tennessee have given the same construction to similar state exemption statutes. *See In re Thompkins,* 263 B.R. 223, 226–27 (Bankr. W.D.Tenn.2001); *In re Hosek,* 124 B.R. 239, 240–41 (Bankr.W.D.Tex.1991). Most recently, in *Thompkins,* the court held that the following statute permitted the exemption of uninsured motorist insurance proceeds above

and beyond the state personal bodily injury exemption limit:

> There shall be exempt from the claims of all creditors, and from execution, attachment, or garnishment, any sum or sums of money which may hereafter become due and payable to any person, who is a resident and citizen of this state, from any insurance company or other insurer, under the terms and provisions of any contracts of accident, health, or disability insurance insuring the assured against loss by reason of accidental personal injuries, or insuring said 'assured against loss by reason of physical disability resulting from disease.

Tenn.Code Ann. § 26–2–110(a) (1980). The court concluded that uninsured motorist insurance was "accident" insurance, as viewed from the perspective of the insured victim, of which the insureds were the "beneficiaries." *Thompkins,* 263 B.R. at 226. Following analogous reasoning, a different bankruptcy court has also construed a similar Texas statute to permit the exemption of uninsured motorist proceeds to the debtor/insured. *See Hosek,* 124 B.R. at 240–41.[1]

{11} We find this reasoning applicable to our own statutory scheme. The purpose of bankruptcy and New Mexico's statutory exemptions is to give a debtor a fresh start. *See Zouhar,* 10 B.R. at 156–57. Here, Debtor is potentially entitled to benefits from an insurance policy she purchased to recoup her damages resulting from an accident with an uninsured driver. Debtor needs to receive the benefits of her insurance policy and not be hindered or impaired by the loss of income and the need for future medical treatment. We are not persuaded that Debtor's non-classification or quantification of her damages has any relationship to the construction of Section 42–10–3. Our exemption statutes contain no language regarding bodily injury, pain and suffering, or lost wages as do federal exemptions and those of some states. *Compare* 11 U.S.C.S. § 522(d)(11)(D)-(E) (Law. Co-op.1997 & Supp.2001).

## III.

{12} Our interpretation of the plain language of Section 42–10–3 comports with the public policy underlying exemption statutes to prevent destitution for the debtor from unforeseeable indebtedness. *See Zouhar,* 10 B.R. at 157–58. Our statutory exemptions are to provide a debtor with a fresh start, and, for that reason, their broad and expansive language is to be liberally construed. Uninsured motorist benefits only pay out as a result of an accident for which the debtor is a beneficiary under an uninsured motorist policy. The debtor is "protected by said contract . . . [and] is to receive the benefit thereof." Section 42–10–3. Accordingly, we conclude that Section 42–10–3 permits the exemption of proceeds from an uninsured motorist policy as "accident" insurance.

{13} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, Chief Justice, GENE E. FRANCHINI, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, JJ.

---

1. As quoted in *Hosek,* the 1991 Texas statute provided:

> No money or benefits of any kind to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health, or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be liable to execution, attachment, garnishment or other process to be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are to be paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof.

124 B.R. at 240 n. 2 (quoting Tex. Ins.Code Ann. art. 21.22, § 1 (Vernon Supp.1991)). Although substantially more detailed in form and scope, the current applicable statute maintains the unlimited exemption in proceeds of policies of accident insurance. *See* Tex. Ins.Code Ann. art. 21.22 (Vernon Supp.2002) (repealed effective June 1, 2003); Tex.Code Ann. § 1108.001–102 (2002) (effective June 1, 2003).