Certiorari Denied, July 30, 2012, No. 33,701

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2012-NMCA-093

Filing Date: May 31, 2012

Docket No. 30,855

WILL FERGUSON & ASSOCIATES, INC.
a domestic for profit corporation,

        Plaintiff-Appellee,

v.

TED GENGLER,

        Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie A. Huling, District Judge

Will Ferguson & Associates
Jeffrey S. Trespel
Albuquerque, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

## OPINION

**SUTIN, Judge.**

**{1}**    This is a battle between a sophisticated, experienced lawyer, Ted Gengler, who retained Will Ferguson & Associates, Inc. (Ferguson), a sophisticated, experienced law firm, pursuant to a contingency fee agreement, to recover insurance proceeds from an insurer that denied Gengler's claim for benefits under an accidental death and dismemberment policy after his wife died.  After Ferguson was retained, the insurer paid Gengler's claim.  Ferguson

sued Gengler for unpaid attorney fees under the contingency fee agreement and Ferguson received a jury verdict in its favor. Gengler appeals from the judgment on the verdict in favor of Ferguson.

**{2}** The parties differed on the applicability of an exemption statute, NMSA 1978, § 42-10-3 (1937). This statute provides an exemption that protects debtors under certain circumstances from creditors who seek recovery of indebtedness from the debtor's insurance proceeds, unless the debtor has assigned the proceeds to the creditor in writing. *Id.* Gengler asserts that the district court erred in failing to determine that Ferguson was precluded under Section 42-10-3 from collecting a fee where the agreement did not contain a specific assignment by Gengler of recovered insurance proceeds. He then faults the court for its rulings, based on the court's interpretation of the statute, excluding evidence and refusing a tendered instruction. We hold that the district court did not err in any regard, and we affirm the judgment on the jury verdict.

**BACKGROUND**

**{3}** Gengler's wife died from a gunshot wound to her chest. Gengler sought life insurance proceeds from the standard life insurance policy from Prudential Life Insurance Company (Prudential), which Prudential paid. Prudential refused to pay Gengler under the accidental death and dismemberment policy (the policy) based on an exclusion for self-inflicted wounds and intoxication. Gengler hired Ferguson to represent him in an unfair practices case against Prudential. The parties entered into a contingency fee agreement. The agreement required Gengler to pay a contingency fee to Ferguson of one-third of amounts recovered upon achievement of a settlement and recovery of insurance proceeds. After Ferguson performed some service on Gengler's behalf, Prudential settled in the amount of the entirety of the policy, plus interest.

**{4}** When Gengler refused to pay Ferguson's fees and costs, Ferguson filed the present action asserting breach of contract. Gengler counterclaimed. A jury returned a verdict of $14,731.85 in favor of Ferguson and awarded nothing to Gengler on his counterclaim. The district court's judgment for Ferguson included the language that Ferguson "is entitled to recover its costs as provided by law." Gengler appealed.

**DISCUSSION**

**{5}** Section 42-10-3 states that payments from insurance policies:

shall in no case be liable to attachment, garnishment[,] or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or who receives or is to receive the benefit thereof, nor shall it be subject to in any other manner to the debts of the person whose life is so insured, or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract[,] or deposit be taken out, made or assigned in writing for the benefit of such creditor.

2

This section appears in Article 10 of Chapter 42 of the New Mexico Statutes Annotated, which contains New Mexico's exemption statutes. Section 42-10-3 is one of several statutes that set out various exemptions. *See* NMSA 1978, §§ 42-10-1 to -13 (1887, as amended through 2012); *In re Portal*, 2002-NMSC-011, ¶¶ 7, 11-12, 132 N.M. 171, 45 P.3d 891 (referring to Section 42-10-3 as providing a state statutory exemption for an insurance payment).

**Standard of Review**

**{6}** We review the meaning of statutes de novo. *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. Gengler's issues all rest on the district court's interpretation of Section 42-10-3. Gengler argues that the plain language of Section 42-10-3 requires the conclusion that it precludes Ferguson's recovery.

> In interpreting a statute, a court not only looks to the plain meaning of the language employed, but also to the object of the legislation. Statutes are to be read in a way that facilitates their operation and the achievement of their goals. Thus, our interpretation of statutes must be consistent with legislative intent, and our construction must not render a statute's application absurd, unreasonable, or unjust. Section 42-10-3 is an exemption statute. As such, we construe its plain language liberally. Liberal construction is necessary to promote the humane policy of preventing families from becoming destitute as the result of misfortune through common debts which generally are unforeseen.

*In re Portal*, 2002-NMSC-011, ¶ 5 (alterations, internal quotations marks, and citations omitted.) "In interpreting a statute, a court not only looks to the plain meaning of the language employed, but also to the object of the legislation." *Gordon v. Gordon*, 2011-NMCA-044, ¶ 8, 149 N.M. 783, 255 P.3d 361 (internal quotation marks and citation omitted).

**Section 42-10-3 Does Not Apply to Ferguson**

**{7}** Gengler's argument derives from a syllogism he has constructed.

> [Major premise: Under] the statute[,] no creditor has a right to any proceeds from a life insurance policy unless the creditor has an assignment in writing from the beneficiary. Minor premise: The Ferguson fee agreement did not contain any language of assignment concerning the proceeds from the life insurance policy. Conclusion: Ferguson has to file a complaint for bad faith and achieve some settlement figure above the insurance proceeds to collect it['s] one[-] third fee.

Gengler's syllogism fails. His premises are faulty.

**{8}** We see no reasonable basis, and Gengler supplies none, on which to interpret Section 42-10-3 to require attorneys to contain in a contingency fee agreement the specific language

3

Gengler requires of assignment of the insurance proceeds where the client, here Gengler, retains the attorney to specifically recover those proceeds. Gengler provides no authority for his position, and he sets out no persuasive argument showing that the Legislature intended this exemption statute to cover attorney- fee contracts under these circumstances. Gengler also fails to establish how, under the circumstances here, his construction of the statute will promote the policy set out by *In re Portal*.

{9} Interestingly, Gengler makes the statement that "[a]t the time [he] entered into the fee agreement[,] it was his understanding that [Section] 42-10-3 required Ferguson's fee agreement to contain some language of assignment if Ferguson intended to include the life insurance proceeds as a pool of funds it could collect from." Gengler somehow believes that this assists his position; this statement, however, tends to reflect an attempt to create an illusory contract—one that would permit Gengler to assert Section 42-10-3 to preclude Ferguson's collection of its fee. The district court ruled in favor of Ferguson regarding the application of Section 42-10-3, and the jury did not agree with Gengler's understanding of the language in the agreement.

{10} The agreement at issue gave clear and fair notice to Gengler that Ferguson was entitled to a percentage of the recovery. The contingency fee agreement did not establish any debtor/creditor relationship at the time the agreement was signed. Any such relationship depended on the outcome at a later time. A debt obligation may never have come about. Ferguson was not in creditor status until it earned its fee and sought payment. Gengler received the insurance proceeds and transmuted them. At no time did Ferguson attempt to attach or lien the funds recovered. Ferguson sought in its complaint and at trial simply to recover fees for monies due and promised under contract. Any issue in regard to whether Gengler breached the agreement or whether the agreement (outside of Gengler's Section 42-10-3 argument) was enforceable was tried to a jury and decided against Gengler.

{11} We hold that the district court did not err in its view of the applicability of Section 42-10-3 to Ferguson's breach of contract claim and that the court did not err as to the evidentiary and instruction rulings that stemmed from that view.

**CONCLUSION**

{12} We affirm.

{13} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for** _Will Ferguson & Associates, Inc. v. Gengler_**, No. 30,855**

**APPEAL AND ERROR**
Standard of Review

**ATTORNEYS**
Fees, General

**CONTRACTS**
Attorney Fees

**INSURANCE**
Accidental Death and Dismemberment
Attorney Fees
Denial of Coverage
Settlement

**STATUTES**
Interpretation
Legislative Intent