In re Lucio Leide FOAH, also known as Lou Foah, Debtor.

Res–Ga Memorial, LLC, Appellant,

v.

Lucio Leide Foah, Appellee.

BAP No. NM–12–019.
Bankruptcy No. 11–13550.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 3, 2012.

Kevin L. Ward of Schulten Ward & Turner, LLP, Atlanta, GA (William F. Davis and Andrea D. Steiling of William F. Davis & Assoc., P.C., Albuquerque, NM, on the briefs), for Appellant.

George M. Moore (Arin E. Berkson with him on the brief) of Moore, Berkson & Gandarilla, P.C., Albuquerque, NM, for Appellee.

Before THURMAN, Chief Judge, BROWN, and SOMERS, Bankruptcy Judges.

## OPINION

BROWN, Bankruptcy Judge.

Debtor Lucio Leide Foah ("Debtor") filed a Chapter 7 petition in the United States Bankruptcy Court for the District of New Mexico on August 5, 2011. In his schedules, he claimed an exemption in a life insurance policy under New Mexico law.[1] The Debtor acquired this policy from Northwestern Mutual Life in 1992.[2] He is both its owner and the named beneficiary. Originally, the policy insured the lives of both of his parents. Unfortunately, his mother passed away before his bankruptcy filing, but his father is still living. The policy provides a death benefit of $375,000 on each named insured, for a total of $750,000, which is payable only upon the death of the second insured. At the time of filing, the policy had a cash surrender value of nearly $281,000, which the Debtor has claimed as fully exempt. Appellant RES–GA Memorial, LLC ("Creditor") objected to this exemption. The single issue in this appeal is whether the New Mexico exemption statute upon which Debtor relies requires the policy's insured to be a resident of New Mexico. The Debtor's father, as the sole remaining insured under the policy, is a resident of Georgia. Debtor moved for summary judgment on this issue, which the bankruptcy court granted in the Debtor's favor. We AFFIRM.

## I. APPELLATE JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear timely-filed appeals from "final judgments, or-

---

1. 11 U.S.C. § 522 allows debtors to elect to use either the exemptions provided by their state of residence or by federal law, unless their state of residence has elected to "opt-out" of federal exemptions and, thus, requires its residents to use only state exemptions in bankruptcy. New Mexico is not an "opt-out" state. Its residents may choose either the federal or New Mexico exemptions. *See generally In re Channon*, 424 B.R. 895, 899 (Bankr.D.N.M.2010). In this case, the Debtor was eligible to file his petition in New Mexico and to choose to claim New Mexico exemptions because he had been domiciled in that state for the 730 days immediately preceding the filing of his petition. 11 U.S.C. § 522(b)(3)(A). In exercising his choice as to federal or New Mexico exemptions, Debtor elected to claim state-provided exemptions. *See* Schedule C, *in* Appx. at 29.

2. *See* Northwestern Mutual Life Ins. Co. Joint Life Protection Policy, *in* Appx. at 74–90.

ders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[3] None of the parties elected to have this appeal heard by the United States District Court for the District of New Mexico, and they have therefore consented to appellate review by this Court.

▪ A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[4] The bankruptcy court's March 12, 2012 order denying Creditor's objection and allowing Debtor's exemption is a final order for purposes of appeal.[5] Creditor timely filed a notice of appeal from that order on March 23, 2012. Therefore, this Court has jurisdiction over the appeal.

▪ The sole issue in this appeal is a question of statutory interpretation. Statutory interpretation is a purely legal issue that this Court reviews *de novo*.[6]

## II. DISCUSSION

In claiming his exemption, the Debtor relies on the following statute, which reads in its entirety:

> The cash surrender value of any life insurance policy, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company, all weekly, monthly, quarterly, semiannual or annual annuities, indemnities or payments of every kind from any life, accident or health insurance policy, annuity contract or deposit heretofore or hereafter *issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen,* upon whatever form and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or who receives or is to receive the benefit thereof, nor shall it be subject in any other manner to the debts of the person whose life is so insured, or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.[7]

This statute clearly exempts the cash surrender value and any payments on a life insurance policy from creditor claims against either the insured or the beneficiary whenever the insured is a citizen or resident of New Mexico.

What is less clear is the meaning of the phrase "or made by any such insurance company with such citizen." The Creditor urges this Court to interpret the reference to "such citizen" as a reference to the entire preceding clause "issued upon the life of a citizen or resident of the state of New Mexico." In other words, it claims that the statute only exempts a policy

---

3. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002; 10th Cir. BAP L.R. 8001–3.

4. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

5. *In re Smith,* 401 B.R. 487, 488 (10th Cir. BAP 2009).

6. *Manchester v. Annis (In re Annis),* 232 F.3d 749, 751 (10th Cir.2000); *In re Duffin,* 457 B.R. 820, 822 (10th Cir. BAP 2011).

7. N.M. Stat. § 42–10–3 (1937) (emphasis added).

made by a New Mexico resident when that resident is also the policy's insured. On the other hand, the Debtor argues that "such person" refers only to the phrase "a citizen or resident of the state of New Mexico." Under the Debtor's interpretation, the statute provides two exemptions: it exempts a policy issued on the life of New Mexico resident and it separately exempts a policy entered into by an insurance company with a New Mexico resident, whether or not the policy holder is an insured under the policy.

■ Whenever a statute is susceptible to two interpretations, courts attempt to ascertain the intent of the legislature, either through legislative history, when available, or by resort to general principles of statutory construction.[8] There is no legislative history available to shed light on this 1937 statute. And, although it has remained largely unchanged since its enactment, there are no published New Mexico state court cases interpreting this specific language. So this Court must attempt to predict how the courts of New Mexico would interpret the statutory language "based on [the statute's] language, on the decisions of other state appellate courts, and on the evident purposes of the statute."[9] Unfortunately, there are no other insurance policy exemption statutes in other states with a similar "made with such citizen" phrase. In terms of rules of statutory construction, New Mexico has adopted the "Uniform Statute and Rule Construction Act,"[10] which provides that "the meaning of a word or phrase that is not defined in a statute is determined by its context, the rules of grammar and common usage."[11] The New Mexico Supreme Court has further instructed:

> In addressing issues of statutory interpretation, we must determine and effectuate the intent of the legislature, using the plain language of the statute as the primary indicator of legislative intent. The words of a statute, including terms not statutorily defined, should be given their ordinary meaning absent clear and express legislative intention to the contrary. No part of a statute should be construed so that it is rendered surplusage.[12]

■ In terms of considering the "evident purposes of the statute," the Court notes that New Mexico courts have held that their exemption statutes are to be interpreted "to effect their humanitarian purposes [and, therefore,] must be liberally construed in favor of the claimant of an exemption."[13] Moreover, the courts in New Mexico have generally interpreted this life insurance exemption statute as "broad and expansive. It does not limit the type of payment, form of payment, or person to receive the payment."[14]

■■ Applying these principles to the present matter, we hold that the bankruptcy court properly interpreted this lan-

**8.** See Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1190 (10th Cir.2000).

**9.** Williams v. United Parcel Serv., Inc., 527 F.3d 1135, 1140 (10th Cir.2008).

**10.** N.M. Stat. §§ 12–2A–1 through 12–2A–20 (1997).

**11.** N.M. Stat. § 12–2A–2 (1997).

**12.** Whitely v. N.M. State Pers. Bd., 115 N.M. 308, 850 P.2d 1011, 1014 (1993) (citations omitted).

**13.** In re Carlson, 303 B.R. 478, 482 (10th Cir. BAP 2004).

**14.** Finch v. Schrock (In re Schrock), 119 B.R. 808, 809 (Bankr.D.N.M.1990). See also In re Portal, 132 N.M. 171, 45 P.3d 891, 893 (2002) (same, refusing to limit the term "accident ... policy" to exclude uninsured motorist policy).

guage. In considering Creditor's objection, the bankruptcy court analyzed the statute for its "plain meaning" and concluded that the exemption applies either where the policy insured *or* the policy owner is a New Mexico resident.[15] The bankruptcy court specifically rejected Creditor's claim that the term "such citizen" in the phrase "made by any such insurance company with such citizen" refers to the insured, stating:

> To read "such citizen" as further qualified by the phrase "insured [sic] upon the life of a citizen ore [sic] resident" renders the alternative phrase "or made by any such insurance company with such citizen" superfluous. A citizen or resident who is also the insured would always satisfy the first alternative condition, in which case there would be no need for the statute to include "or made by any such insurance company with such citizen."[16]

We agree. It is a fundamental precept of statutory construction that courts "are required to give effect to all its provisions and not to render any part of the statute surplusage."[17]

Creditor warns of the potential for abuse of this exemption if the Court's interpretation does not always require the insured to be a New Mexico resident. It speculates that, on the eve of bankruptcy, debtors will convert non-exempt funds to exempt ones by dumping money into out-of-state insurance policies.[18] "One of the more difficult issues in bankruptcy law is deciding when, if ever, an intent to defraud creditors can be shown by the debtor's conversion of nonexempt assets to exempt assets."[19] Admittedly, by distinguishing between an intent to use exemption laws to shield assets from creditors, and an intent to defraud those creditors, "the court is drawing a very fine line."[20] But if a debtor crosses this line, the trustee or his creditors have remedies available to them through bad faith objections, objections to discharge, and the like. It is not necessary to apply an overly restrictive reading of this exemption statute in order to prevent abuse. Nor does the interpretation offered by Creditor prevent this potential for fraud. A debtor who seeks to shield assets in this manner may still do so by purchasing out-of-state policies and then naming himself as the insured.

Creditor also argues that by limiting the exemption to New Mexico residents who are the named insured under the policy, the legislature has ensured that only New Mexico residents will be able to benefit from the exemption. This is not the case. New Mexico exemptions may be claimed by any bankruptcy debtor who either: 1) was domiciled in New Mexico for the entire 730–day (two year) period immediately preceding the petition date (in which case, the debtor would be required to file his petition in New Mexico), or 2) was not domiciled in only one state for the entire 730–day pre-petition period, but was domiciled in New Mexico for more of the 180–day period immediately preceding the 730–

15. *In re Foah*, No. 7–11–13550, 2012 WL 863833, at *3 (Bankr.D.N.M. Mar. 13, 2012).

16. *Id.*

17. *DePaoli v. Comm'r of Internal Revenue*, 62 F.3d 1259, 1264 (10th Cir.1995) (construing a New Mexico intestate succession statute). *See also Whitely*, 850 P.2d at 1014.

18. Creditor's Brief at 6.

19. *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1249 (10th Cir.2008).

20. *In re Beaudin*, No. 09–35557, 2010 WL 3748735, at *1 (Bankr.D.Colo. Sept. 21, 2010) (quoting *In re Sayler*, 98 B.R. 536, 541 (D.Kan.1987)).

day period than in any other state.[21] On the other hand, a debtor must file his bankruptcy case in the state where he resided for the 180–day period immediately preceding the filing of his petition or, if he has not continuously resided in one state for all of that time, where he resided for the largest portion of that period.[22] Thus, a long-time New Mexico resident who moves to Colorado six months before seeking bankruptcy protection must file his petition in Colorado, but cannot claim Colorado exemptions. Instead he may claim either the federal or the New Mexico exemptions. Thus, regardless of our interpretation of this statute, New Mexico exemptions may, under certain circumstances, be claimed by a debtor who is not a resident of New Mexico.[23]

We agree with the bankruptcy court that the "plain meaning" of this New Mexico statute is that the exemption applies to the cash surrender value of a life insurance policy that *either* insures the life of a New Mexico resident, *or* is purchased from an insurance company by a New Mexico resident. This interpretation gives meaning to all of the provisions of the statute. It is also in keeping with the liberal interpretation to be given to exemption statutes in order to foster a debtor's fresh start.

## III. CONCLUSION

For the reasons stated herein, the bankruptcy court's summary judgment in favor of Debtor, overruling Creditor's objection to a claimed exemption, is AFFIRMED.

---

**21.** 11 U.S.C. § 522(b)(3)(A).

**22.** 28 U.S.C. § 1408(1).

**23.** We do not address the question of whether an insurance policy originally purchased while the debtor was a New Mexico resident but who is no longer a New Mexico resident at the time of his bankruptcy filing is exempt under this particular statute. The statute employs the past tense *"made* by any such insurance company with such citizen." Since the Debtor in this case remains a resident of New Mexico, we do not need to address this issue.